IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIC TANKERSLEY, | ) | |
| | ) | |
| Plaintiff | ) | Civil Action No. 08-1653 |
| | ) | |
| vs. | ) | |
| | ) | Judge David Stewart Cercone/ |
| DONOVAN MORRIS; and THE PUBLIC | ) | Magistrate Judge Amy Reynolds Hay |
| DEFENDERS OFFICE, | ) | |
| | ) | |
| Defendants | ) | |

REPORT AND RECOMMENDATION

RECOMMENDATION

It is recommended that the complaint be dismissed before service, pursuant to the authority granted courts by the Prison Litigation Reform Act (PLRA), for failure to state a claim upon which relief can be granted.

REPORT

Eric Tankersley ("Plaintiff"), at the time of filing this civil rights action was incarcerated in the Allegheny County Jail, serving a six month sentence for "ICC," i.e., Indirect Criminal Contempt of court. Dkt. [1] at 1, ¶ I. He seeks, under the Civil Rights Act, 42 U.S.C § 1983, to sue two defendants: his defense attorney, Donovan Morris, who represented Plaintiff during the course of the contempt proceedings, as well as the office that employed his defense attorney, i.e., the Allegheny County Public Defender's Office. Because he seeks to sue his defense attorney, and the Public Defender's Office under Section 1983 of the Civil Rights Act, and because a defense attorney and/or public defenders do not act under color of state law, the case should be dismissed for failure to state a claim. Alternatively, because success in the Section 1983 suit

would necessarily imply the invalidity of his conviction for contempt, the suit is barred by Heck v. Humphrey, 512 U.S. 477 (1994), and must be dismissed on those grounds.

**A. Relevant Facts and Procedural History**

The entire factual basis of the complaint is as follows:

> Mr. Donovan Morris [and the] Office of Public Defender neglected to adequately represent and effectively prepare defence. [sic] Disreguard [sic] scope of representation, basic investigation procedures, conflict of interest, failure to communicate, file timely response pleadings, research or provide insight[,] contact potential witnesses or review possible proof of innocence. Improperly questioned and represented petitioner before a tribunal.

Dkt. [1] at 2, ¶ IV.C. Plaintiff further alleges that these events occurred on August 27, 2008 and June 2008, id., at 2 ¶ IV.A, in the courtroom of Judge Donna Jo McDaniel. Id., at 2, ¶ IV.B. Plaintiff alleges that the foregoing constitutes violations of his Fifth, Sixth and Eighth Amendment rights.

The Court takes judicial notice of the dockets of the Allegheny County Court of Common Pleas, which reveal the fact that Plaintiff was adjudicated in indirect criminal contempt of court for violating a protection from abuse order in the case of Evans v. Tankersley, FD-06-000075 (Allegheny County CCP).[1] Those dockets further reveal that on August 27, 2008, Judge McDaniel issued an order finding Plaintiff in indirect criminal contempt of court and sentencing him to serve six months.[2]

---

[1] The docket of the case is available at

http://prothonotary.county.allegheny.pa.us/Allegheny/CaseDetails.asp?CaseID=FD-06-000075

(Site last visited 12/11/08).

[2] See
http://prothonotary.county.allegheny.pa.us/Allegheny/DisplayImage.asp?gPDFOH=vol627
0000043C&CaseID=FD%2D06%2D000075&DocketType=ORDER&SeqNumber=19

Plaintiff initiated this suit by seeking leave to proceed in forma pauperis. Plaintiff was granted his request to proceed in forma pauperis and the complaint was filed.

**B. Applicable Legal Principles**

In the PLRA, Pub. L. No. 104-134, 110 Stat. 1321 (1996), Congress adopted major changes affecting civil rights actions brought by prisoners in an effort to curb the increasing number of oftentimes frivolous and harassing law suits brought by persons in custody. See Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996). The PLRA significantly amended the statutory provisions with respect to actions brought by prisoners who are proceeding in forma pauperis. The amended version of the statute now reads that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid [by a prisoner granted IFP status], the court shall dismiss the case at any time if the court determines that– (A) the allegation of poverty is untrue; or (B) the action or appeal– (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Here, Plaintiff has been granted IFP status and is a prisoner. Thus, Section 1915(e)(2) is applicable herein. Moreover, not only is a court permitted to sua sponte dismiss a complaint which fails to state a claim, but it is required to do so by the mandatory language of "the court shall dismiss" utilized by Section 1915(e). See, e.g., Keener v. Pennsylvania Board of Probation and Parole, 128 F.3d 143, 145 n.2 (3d Cir. 1997) (describing 28 U.S.C. § 1915(e)(2)(B) as "the PLRA provision mandating sua sponte dismissal of in forma pauperis actions that are frivolous or fail to state a claim"); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000)("It is also clear that section 1915(e) not only permits but requires a district court to

---

(Site last visited 12/11/08).

dismiss an in forma pauperis complaint that fails to state a claim.").

In performing a court's mandated function of sua sponte reviewing complaints under 28 U.S.C. § 1915(e) to determine if they fail to state a claim upon which relief can be granted, a federal district court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). See, e.g., Powell v. Hoover, 956 F. Supp. 564, 568 (M.D. Pa. 1997) (applying Rule 12(b)(6) standard to claim dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii)); Tucker v. Angelone, 954 F. Supp. 134, 135 (E.D. Va.) ("Under 28 U.S.C. §§ 1915A, 1915(e) and 42 U.S.C. § 1997e(c) the courts are directed to dismiss any claims made by inmates that 'fail to state a claim upon which relief could be granted'. This is the familiar standard for a motion to dismiss under Fed.R.Civ.P. 12(b)(6)."), aff'd, 116 F.3d 473 (Table) (4th Cir. 1997).

Because under Rule 12(b)(6), courts may consider, in addition to the complaint, matters of public record and other matters of which a court may take judicial notice, Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1385 n.2 (3d Cir. 1994), and because the standards for dismissal for failing to state a claim under 28 U.S.C. § 1915(e) are the same as under a 12(b)(6) motion, the court may, in performing its screening under 28 U.S.C. § 1915(e), consider matters of which it may take judicial notice. See, e.g., Lloyd v. United States, No. 99 C 3347, 1999 WL 759375, at *1 (N.D. Ill. Sept. 3, 1999) ("As the court may take judicial notice of public records without converting a motion to dismiss to a motion for summary judgment, Henson v. CSC Credit Services, 29 F.3d 280, 284 (7th Cir. 1994), the court will take judicial notice of court records in conducting its initial review under § 1915A.").

Furthermore, because Plaintiff is pro se, courts accord an even more liberal reading of the complaint, employing less stringent standards when considering pro se pleadings than when

4

judging the work product of an attorney. Haines v. Kerner, 404 U.S. 519 (1972).

Dismissal is proper under Rule 12(b)(6), and hence, under 28 U.S.C. § 1915(e), where the court determines that the facts as alleged by the plaintiff taken as true and viewed in a light most favorable to the plaintiff, fail to state a claim as a matter of law. See, e.g., Gould Electronics, Inc. v. United States, 220 F.3d 169, 178 (3d Cir. 2000) ("In a Rule 12(b)(6) motion, the court evaluates the merits of the claims by accepting all allegations in the complaint as true, viewing them in the light most favorable to the plaintiffs, and determining whether they state a claim as a matter of law.").

**C. Discussion**

**1. Defense attorneys do not act under color of law**

Plaintiff does not specifically mention the Civil Rights Act, 42 U.S.C. § 1983, however, because he is apparently seeking to vindicate his constitutional rights and he does not have a cause of action directly under the Constitution, a liberal reading of the complaint requires the court to construe his complaint as one invoking the court's jurisdiction pursuant to 42 U.S.C. § 1983. See, e.g., Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 925 (9th Cir. 2001) ("a litigant complaining of a violation of a constitutional right does not have a direct cause of action under the United States Constitution but must utilize 42 U.S.C. § 1983."); Pauk v. Board of Trustees of City University of New York, 654 F.2d 856 (2d Cir. 1981)(where a federal statute governing civil action for deprivation of rights provides a remedy, i.e., 42 U.S.C. § 1983, an implied cause of action grounded on Constitution is not available), overruling on other grounds as recognized in, Brandman v. North Shore Guidance Center, 636 F.Supp. 877, 879 (E.D.N.Y. 1986).

In order to establish a Section 1983 cause of action, a plaintiff must allege: (1) that there

5

was a person acting under color of state law; (2) whose actions under color of state law caused him to be deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42 (1988).

Even reading Plaintiff's complaint liberally, the complaint fails to state a claim against Attorney Morris[3] and the Public Defender's Office, because an attorney's acts in the course of representing a defendant facing indirect criminal contempt are not acts committed under color of state law as is required to state a claim under Section 1983. See, e.g., Polk County v. Dodson, 454 U.S. 312 (1981); Henderson v. Fisher, 631 F.2d 1115, 1119 (3d Cir. 1980).

In Polk County, a convict sued his public-defender-appellate counsel who moved to withdraw as appellate counsel because the public defender concluded that an appeal would be frivolous. The convict sued the public defender under Section 1983, claiming that her actions in moving to withdraw violated his right to counsel and, in failing to zealously advocate on his behalf, subjected him to cruel and unusual punishment and denied him due process of law. Id. at 315. Noting that to sustain a Section 1983 cause of action, it is necessary that the complaint reveal that the defendant acted under color of state law, the court held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding. Because it was based on such activities, the complaint against

---

[3] The Court takes judicial notice of the fact that Attorney Donovan Morris, also known as Purri Donovan Morris, is employed by the Allegheny County Office of the Public Defender.

See

http://www.padisciplinaryboard.org/pa_attorney_info.php?id=46151&pdcount=0

(Site last visited 12/11/08).

Shepard [the public defender] must be dismissed." Id. at 325.

Likewise here, the complaint reveals liability premised only upon Defendant Morris's actions or inactions in connection with his performing a lawyer's traditional functions as counsel to a defendant facing indirect criminal contempt charges. Reading the complaint liberally, it appears that Plaintiff complains of both acts and omissions by Defendant Morris in the course of Morris's acting as Plaintiff's attorney. Nevertheless, both a defense attorney's actions and failures to act in the course of representing a criminal defendant fall within Polk County's ambit of "performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding" and thus are not accomplished "under color of state law." See, e.g., Smith v. Haith, 978 F.2d 1261 (Table), 1992 WL 311787, at *5 (7th Cir. 1992)("This principle [i.e., public defenders are not state actors] was applied in Cornes v. Munoz, 724 F.2d 61 (7th Cir. 1983), where a claim that a public defender was guilty of legal malpractice because of the failure to include certain claims on appeal was dismissed for failure to allege action 'under color of state law.'"). Indeed, even accusations of malfeasance[4] in the course of representing a criminal defendant, are not enough to render the actions of a criminal defendant's attorney cognizable in a Section 1983 suit. See e.g., Ponchik v. Kloak, No. 89 C 7319, 1989 WL 134683, at *1 (N.D. Ill. Oct. 19, 1989) ("Consequently [plaintiff-] Ponchik's allegations of malfeasance on [Attorney] Kloak's part do not give rise to a claim cognizable under this Court's federal-question jurisdiction."). Because the complaint fails to allege a cause of action under Section 1983 against Attorney Morris, the complaint should be dismissed.

---

[4] Malfeasance is defined as "Evil doing, ill conduct. The commission of some act which is positively unlawful; the doing of an act which is wholly wrongful and unlawful. . . ." Black's Law Dictionary 862 (5th ed. 1979).

To the extent that Plaintiff seeks to hold the Public Defender's Office liable, there are several bases for dismissal as to the Office.  First, it appears that the Public Defender's Office lacks capacity to be sued.  Welch v. Lewis, NO. 4:08-CV-148, 2008 WL 516730, at *2  (E.D.Mo. Feb. 25, 2008)(concluding that the "St. Louis Public Defender's Office County Department," "is not a suable entity under § 1983"); Johnson v. Montgomery County Public Defender Office, NO. CIV. A. 91-7615, 1992 WL 3593, at *1 (E.D.Pa., Jan. 7, 1992)("this Court finds the Montgomery County Public Defender's Office is not an entity suable under Rule 17(b)").  Hence, the complaint should be dismissed against it for failure to state a claim upon which relief can be granted.

Alternatively, Plaintiff seeks to hold the Public Defender's Office liable solely for the actions of its employee, Mr. Morris, a classic case of *respondeat superior*,[5] which is not a permissible basis under Section 1983 and, hence, the complaint should be dismissed as against the Public Defender's Office.  Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1981) (noting there is no respondeat superior liability under Section 1983).  Accordingly, the only way a defendant can be liable under Section 1983 is based upon facts showing that the defendant was personally involved in depriving the civil rights of the plaintiff, i.e., personally engaged in wrongdoing.  The complaint is utterly devoid of any allegations concerning the Public Defender's Office other than the acts of its employee in the course of representing Plaintiff in the criminal contempt proceedings against him. Accordingly, the complaint must be dismissed as to the Public Defender's Office.

---

[5]  "Respondeat superior is a doctrine of vicarious liability based upon public policy [and] the notion that the person who benefits by the acts of the servant must pay for wrongs committed by the servant; the one held liable as master need not be at fault in any way."  McClelland v. Facteau, 610 F.2d 693, 695 (10th Cir. 1979).

**2. <u>Heck</u> bars this suit**

In the alternative, the doctrine of <u>Heck v. Humphrey</u>, bars this suit. Plaintiff is essentially alleging that his attorney rendered constitutionally ineffective assistance of counsel which resulted in Plaintiff being found guilty of indirect criminal contempt. If Plaintiff were successful on his claims in the complaint, such claims would necessarily call his conviction and/or sentence into question. The rule announced in <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), which prevents an indirect attack on the validity of a conviction via a civil rights suit, bars this suit until and unless Plaintiff's conviction and/or sentence are otherwise called into doubt.

In <u>Heck</u>, a state prisoner convicted of voluntary manslaughter brought a civil rights action against prosecutors and a police investigator, asserting that the defendants, acting under color of state law had engaged in an unlawful, unreasonable and arbitrary investigation, leading to Heck's arrest; had knowingly destroyed evidence that could have proven Heck's innocence and caused an illegal voice identification procedure to be used at his state trial. <u>Heck</u>, 512 U.S. at 479. The High Court rebuffed such an effort and held as follows:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

<u>Heck</u>, 512 U.S. at 486-87 (footnote omitted).

Because success in establishing that Defendant Morris rendered constitutionally ineffective assistance of counsel would necessarily render Plaintiff's conviction and/or sentence

9

for indirect criminal contempt invalid, the reasoning of Heck, renders his claims non-cognizable in this civil rights action absent an invalidation of those convictions. See, e.g., Sarlund v. Anderson, 205 F.3d 973, 975 (7th Cir. 2000)("Many of the plaintiff's claims are barred by the Heck doctrine, because if sound they imply the invalidity of the plaintiff's conviction for contempt, Heck v. Humphrey, 512 U.S. 477 (1994)"); Stawarz v. Rojas, NO. CIV.A.07-165, 2007 WL 1653742, at *4 (W.D.Pa., June 6, 2007)("If Plaintiff were successful in his claims in the complaint that during the course of Plaintiff's criminal proceedings the Defendants failed to communicate with him at all and/or had a conflict of interest, then these claims would necessarily call Plaintiff's conviction into question.").

Hence, Plaintiff does not have a cause of action until and unless his conviction is called into question via some sort of independent legal judicial or executive proceeding.

Because Plaintiff has not alleged that his conviction and/or sentence have been called into question as is his burden,[6] the Section 1983 federal claims against the Defendants must be dismissed for failure to state a claim upon which relief can be granted.[7] Although not necessary to

---

[6] See, e.g., Baskett v. Papini, 245 Fed.Appx. 677, 678 (9th Cir. 2007)("The district court properly dismissed Baskett's section 1983 action as Heck -barred because his allegations necessarily call into question the validity of the probation revocation, and Baskett failed to **allege** that his sentence has been invalidated.")(emphasis added); Mitschell v. Donald, 213 Fed.Appx. 920, 922 (11th Cir. 2007)(affirming the district court's dismissal for failure to state a claim under Heck, where "[t]he district court concluded that, under Heck, Mitschell was not entitled to money damages because he failed to allege any facts showing that his imprisonment sentence was successfully vacated."); Clay v. Brown, 151 F.3d 1032 (Table), 1998 WL 516794, at *2 (7th Cir. 1998)(court affirmed dismissal for failure to state a claim under Heck, "[b]ecause Clay does not allege that his conviction has been reversed or otherwise called into question as articulated by Heck, he may not seek damages for any violation of his right against self-incrimination."). See also Avery v. Nicol, 208 F.3d 212 (Table), 2000 WL 282903, *2 (6th Cir. 2000)("The plaintiff bears the burden of showing that his claims are not barred by Heck.").

[7] Similarly, Plaintiff's claims for any injunctive relief are barred by Heck. See, e.g., Harvey v. Horan, 278 F.3d 370, 375 (4th Cir. 2002)(in a case where a prisoner who filed a civil rights action, seeking injunctive relief that would have had the effect of invalidating his conviction, the court held that

the disposition, the court notes that Plaintiff was at the time of initiating this suit still serving his six month sentence for the indirect criminal contempt conviction as stated in the complaint, which indicates that Plaintiff's conviction and/or sentence have not yet been successfully called into question.

For eitherof the foregoing reasons, the complaint should be dismissed for failure to state a claim upon which relief can be granted.

CONCLUSION

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are permitted to file written objections and responses thereto in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to timely file objections may constitute waiver of any appellate rights.

Respectfully submitted,

*/s/ Amy Reynolds Hay*
United States Magistrate Judge

Dated: 17 December, 2008

cc: The Honorable David Stewart Cercone
United States District Judge

---

"[w]hile Heck dealt with a § 1983 claim for damages, the Court did not limit its holding to such claims. And we see no reason why its rationale would not apply in a situation where a criminal defendant seeks injunctive relief that necessarily implies the invalidity of his conviction. . . . Harvey's § 1983 claim does just that. . . . Harvey claims that he is innocent and that further DNA testing will lead to his exoneration. Because he seeks to use § 1983 to invalidate a final state conviction whose lawfulness has in no way been impugned, his suit fails under Heck. It must be dismissed for failure to state a claim."); Eubank v. Ghee, 202 F.3d 268 (Table), 1999 WL 1045238, at *1 (6th Cir. 1999)("The holding in Heck applies regardless of whether the plaintiff seeks injunctive or monetary relief."); Moreno v. California, 25 F.Supp.2d 1060, 1062 (N.D. Cal. 1998)("This [Heck] holding has been extended to civil rights actions seeking declaratory or injunctive relief as well as damages.").

ERIC TANKERSLEY
ACJ 90636-1-B
950 Second Avenue
Pittsburgh, PA 15219-3100